IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PENNENVIRONMENT, INC. and CLEAN AIR COUNCIL, | : : : |
| Plaintiffs, | : : : |
| ALLEGHENY COUNTY HEALTH DEPARTMENT, | : : : |
| Plaintiff-Intervenor, | : : : |
| v. | : : |
| UNITED STATES STEEL CORPORATION, | : : : |
| Defendant. | : |

Civil Action No. 2:19-cv-00484-WSH

**UNOPPOSED MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL**

Defendant United States Steel Corporation ("U. S. Steel") respectfully requests leave of Court for Plaintiffs to file sealed and redacted copies of certain documents which contain sensitive information. Plaintiffs PennEnvironment, Inc. and Clean Air Council and Plaintiff-Intervenor Allegheny County Health Department (collectively, "Plaintiffs") do not oppose this Motion or the relief requested. In support of this Motion, U. S. Steel states:

1. August 16, 2021 is the deadline for parties to file responses to dispositive motions and motions related to expert witnesses. Dkt. 114, Amended Case Management Order.

2. In these responses, Plaintiffs wish to cite to and file as exhibits certain documents that U. S. Steel and/or Plaintiffs had previously designated as containing "Confidential Information" and are therefore protected from dissemination and use outside of the instant litigation pursuant to the parties' Stipulated Protective Order. Dkt. 36.

3. Unlike discovery materials that are typically protected from public disclosure under Rule 26(c), there is a presumptive right of public access to "judicial records" such as summary

judgment and other non-discovery-related pretrial motions and the materials filed therewith. Fed R. Civ. P 26(c); *In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019). However, exceptions to the public's right of access exist that allow documents containing certain sensitive information to be filed under seal and/or redacted.

4. U.S Steel submits that the public's right of access to judicial records does not extend to the following documents: (1) certain portions of the August 31, 2019 report of Plaintiffs' expert, Ranajit Sahu (the "Sahu Report"), and (2) U. S. Steel's entire response to Interrogatory 5 and the final sentence of its response to Interrogatory 7 of PennEnvironment's First Set of Interrogatories. Redacted copies of these documents are attached hereto as **Exhibits 1 and 2**, respectively.

5. As such, and for the reasons discussed herein, U.S. Steel respectfully requests the Court's leave for Plaintiffs to file sealed and redacted copies of these documents in connection with their summary judgment and/or expert motions.

Public Safety Concerns – Photographs in the Sahu Report

6. Courts may consider, among other things, whether confidentiality is being sought over information important to public health and safety when considering the public's interest in disclosure. *Avandia*, 924 F.3d at 676 (noting that courts may weigh certain factors articulated in *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787 (3d Cir. 1994), including public health and safety issues, when considering the public's interest in disclosure).

7. The Sahu report includes photographs of various portions of U. S. Steel's facilities that were taken by Plaintiffs during a site visit conducted solely for purposes of this litigation. *See* Ex. 1 at pp. 10-11 and 40-41.

8. Access to all of U. S. Steel's facilities is protected by security gates and checkpoints. Only authorized visitors are permitted entry to the facilities. Photography and videography are strictly prohibited at all Mon Valley Works facilities, and signage to this effect is

posted at every entrance. An exception to this policy was made exclusively for the purposes of this litigation.

9. U. S. Steel therefore believes that public dissemination of these photographs poses security risks because they depict sensitive areas of U. S. Steel's facilities that are not otherwise accessible by the public.

10. Plaintiffs assent to the redaction of these four photographs because the photographs are not relevant to the substance of the parties' motions and redacting the photographs will have no impact on the public's understanding of Dr. Sahu's opinions and the parties' discussion of the same.

11. U.S. Steel therefore respectfully requests that this Court grant Plaintiffs leave to file a redacted copy of the Sahu Report with respect to these photographs in connection with their responses. Plaintiffs would then file an unredacted version of the Sahu Report under seal.

Confidential Business Information –
The Sahu Report and U. S. Steel's Response to Interrogatory No. 7

12. Judicial records may be permissibly sealed where those records "are sources of information that might harm a litigant's competitive standing." *Avandia*, 924 F.3d at 679 (quoting *Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 662 (3d Cir. 1991) (internal quotation marks omitted)).

13. The chart on page 21 of the Sahu Report, as well as the accompanying text, contains a detailed breakdown of U. S. Steel's coke production costs from 2014-2017. Although this information is historical, U. S. Steel's competitors could use it to extrapolate extremely sensitive information regarding U. S. Steel's current operations, including U. S. Steel's current coke production or operational costs, labor needs, and profit margin on steel.

14. Similarly, the final sentence of U. S. Steel's response to Interrogatory No. 7 provides the cost U. S. Steel paid to purchase coke from third parties following the December 24, 2018 incident. If a competing coke producer were to obtain this information, they could easily undercut U. S. Steel and other coke suppliers and upset the domestic (and potentially global) steel market.

15. U. S. Steel is prohibited by the Sherman Antitrust Act from sharing such detailed pricing and cost information with its competitors. *See e.g. In re Baby Food Antitrust Litig.*, 166 F.3d 112, 118 (3d Cir. 1999) (evaluating whether exchanges of pricing information between competitors constituted an unreasonable restraint on trade in violation of the Sherman Antitrust Act); *Standard Iron Works v. ArcelorMittal*, 639 F. Supp. 2d 877 (N.D. Ill. 2009) (involving allegations that domestic steel producers engaged in an unlawful agreement to fix steel prices in violation of the Sherman Antitrust Act).

16. Similarly, courts will typically protect such information from public disclosure. *See e.g. Bradburn Parent/Tchr. Store, Inc. v. 3M*, 2004 WL 1146665, at *2 (E.D. Pa. May 19, 2004) (holding that disclosure of "production costs" and other financial information "could clearly cause competitive harm to [the defendant], by giving competitors an understanding of [the defendant's] view of the marketplace as well as [its] competitiveness within the marketplace"); *Miles v. Boeing Co.*, 154 F.R.D. 112, 114–15 (E.D. Pa. 1994) (holding that internal information which allowed competitors to assess a company's production capabilities, labor costs, and related financial information was entitled to confidential treatment); *Westinghouse Elec. Corp. v. Schlesinger*, 392 F. Supp. 1246, 1249 (E.D. Va.1974) (holding that public disclosure of information related to a company's production costs, labor costs, market share, profit margin, and vulnerability to price changes could result in competitive harm).

17. Plaintiffs assent to the proposed redaction of this information because the information is not relevant their forthcoming responses, and therefore its redaction will not impact the public's understanding of the same.

18. As such, U.S. Steel respectfully requests that this Court grant Plaintiffs leave to file a redacted copy U. S. Steel's response to Interrogatory 7 to PennEnvironment's First Set of Interrogatories with the last sentence redacted and a copy of the Sahu Report with the chart and accompanying language on page 21 redacted, in connection with their responses. Plaintiffs would then file unredacted versions of these documents under seal.

Trade Secrets – U. S. Steel's Response to Interrogatory No. 5

19. The public does not have a presumptive right of access to trade secrets. *Avandia*, 924 F.3d at 673. *See also Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011) ("The publication of materials that could result in infringement upon trade secrets has long been considered a factor that would overcome this strong presumption [of public access]"); *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (citing *Nixon v. Warner Commc'ns, Inc.*, 98 S. Ct. 1306, 1312 (1978)) (noting that "the use of [judicial] records to ... release trade secrets" is generally a compelling reason for sealing court records).

20. In exercising pendent jurisdiction over trade secrets claims, federal courts must apply state law." *SI Handling Sys., Inc. v. Heisley*, 753 F.2d 1244, 1255 (3d Cir. 1985). Pennsylvania courts look to the following factors to determine whether information is protected as a trade secret:

> (1) the extent to which the information is known outside of the company's business;
> (2) the extent to which the information is known by employees and others involved in the company's business;
> (3) the extent of the measures taken by the company to guard the secrecy of the information;
> (4) the value of the information to the company and its competitors;
> (5) the amount of effort or money the company spent in developing the information; and

(6) the ease or difficulty with which the information could be acquired or duplicated legitimately by others.

*Bimbo Bakeries USA, Inc. v. Botticella*, 613 F.3d 102, 109 (3d Cir. 2010).

21. U. S. Steel's response to Interrogatory 5 identifies the cost to U. S. Steel of hot idling all batteries at the Clairton Plant.

22. By way of background, at the Clairton Plant, U. S. Steel bakes coal in ovens (which are grouped into batteries) to produce coke, which is used to make some types of steel. Coke oven batteries cannot simply be shut down without essentially destroying the batteries. Rather, the batteries must be "hot idled," which involves removing all of the coal and coke from each of the more than 700 ovens at the Clairton Plant and reconfiguring the facilities so the batteries can remain hot while they are not in use. Hot idling a battery is an incredibly complex and time-consuming process that can only be performed by personnel with extensive knowledge of engineering and coke production, as well as specialized knowledge of the individual battery(ies) being idled.

23. The information in Interrogatory 5 regarding the cost to hot idle all batteries at the Clairton Plant is not disseminated outside of U. S. Steel, and only a limited number of upper-management-level employees within U. S. Steel have access to this information. Similarly, this information is unique, highly valuable to U. S. Steel, has been developed and refined throughout the 117 years since U. S. Steel began operating the Clairton Plant in 1904, and could not be reproduced without the benefit of this century's worth of knowledge and experience.

24. Plaintiffs assent to the proposed redaction of this information because the information is not relevant their forthcoming responses, and therefore its redaction will not impact the public's understanding of the same.

25. U.S. Steel therefore respectfully requests that this Court grant Plaintiffs leave to file a sealed and/or redacted copy of U. S. Steel's response to Interrogatory 5 of PennEnvironment's First Set of Interrogatories in connection with their motions. Plaintiffs would then file an unredacted version of this document under seal.

WHEREFORE, U. S. Steel respectfully requests that Plaintiffs be granted leave to file sealed and redacted copies of the documents discussed herein and in accordance with the attached Proposed Order.

Dated: August 12, 2021                                             Respectfully submitted,

*/s/ Mark D. Shepard*
Mark D. Shepard
PA I.D. No. 36902
Mark K. Dausch
PA I.D. No. 205621
James D. Mazzocco
PA I.D. No. 318410

Babst, Calland, Clements and Zomnir, P.C.
Two Gateway Center, 6th Floor
603 Stanwix Street
Pittsburgh, Pennsylvania 15222
(412) 394-5655

*Counsel for Defendant,*
*United States Steel Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 12, 2021, I filed a copy of this document with the Court's ECF system, which will cause an electronic notice of such filing to be sent to all counsel who have appeared in this case.

/s/ Mark D. Shepard
Mark D. Shepard